UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1929

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. _____ |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| **Richard Allen KIGHT,** | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- Bringing in Illegal Aliens Without Presentation |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about **June 21, 2008**, within the Southern District of California, defendant **Richard Allen KIGHT**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Elizabeth LOPEZ-Morales**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this **23rd** day of **June, 2008**

UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Elizabeth Rangel-Machuca, declare under penalty of perjury the following to be true and correct:

The complainant states that **Elizabeth LOPEZ-Morales** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On June 21, 2008, at about 12:17 a.m., **Richard Allen KIGHT (Defendant)** made application for admission into the United States at the San Ysidro, California Port of Entry as the driver and sole visible occupant of a 1992 Ford Taurus. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented his valid California Identification card along with his birth certificate as proof of identity and United States citizenship. The CBP Officer asked Defendant if he was bringing anything from Mexico; Defendant stated that he was not and that he was going to San Diego, California. The CBP Officer received two negative declarations. The CBP Officer questioned Defendant regarding the ownership of the vehicle; Defendant claimed ownership of the vehicle, stating he purchased the vehicle two months ago and paid $170.00 to the previous owner. The CBP Officer proceeded to conduct a vehicle inspection and discovered a non factory compartment under the rear row passenger seat. The CBP Officer lifted the corner of the rear seat cushion, from the left side of the vehicle and observed what appeared to be a human head. As a result, the CBP Officer requested assistance, handcuffed Defendant and escorted him to the Security Office. The vehicle was driven to Secondary.

In Secondary, CBP Officers inspected the vehicle and were able to locate a non-factory compartment between the rear row passenger seat and the fuel tank. CBP Officers reached under the seat with their hands and where able to feel a human being, who was trapped inside the compartment. CBP Officers attempted to lift the seat upward and were unable to. A CBP Officer located a pair of wire hooks under the seat which locked into the body structure of the vehicle. The CBP Officer pushed the seat back and then upward to release the wire hooks from the body structure of the vehicle, uncovering an adult female lying partially in fetal position, with her head in the direction of the driver side and her feet in the opposite direction. The discover female was determined to be citizens of Mexico without legal documents to enter the United States; she is retained as a material witness and is now identified as **Elizabeth LOPEZ-Morales (Material Witness)**.

During a videotaped proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant admitted he was aware of concealed alien. Defendant admitted he was present during the concealment of the alien. Defendant admitted he agreed to drive and deliver the concealed alien to a location in San Ysidro, California. Defendant admitted he was willing to smuggle aliens into the United States as long as they were concealed in a method not easily visible to a CBP Officer. Defendant admitted for the smuggling act he would receive a payment of $300.00 USD.

On a separate videotaped interview, Material Witness admitted she is a citizen of Mexico without legal documentation to enter into United States. Material Witness admitted a family member arranged for her to be smuggled into the United States. Material Witness admitted she was going to San Diego, California to reside with her family and seek employment.

Executed on this **21st** day of **June 2007** at **1000**.

_____
Elizabeth Rangel-Machuca / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) page(s), I find probable cause to believe that the defendant named therein committed the offense on **June 21, 2007** in violation of Title 8, United States Code, Section 1324.

_____          6/21/08  11:50 A.M.
United States Magistrate Judge                    DATE / TIME